Timothy Wang (*pro hac vice* to be filed)
Texas Bar No.: 24067927
Nicholas Najera (*pro hac vice* to be filed)
Texas Bar No.: 24127049
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972.331.4603
972.314.0900 (facsimile)
twang@nilawfirm.com
nnajera@nilawfirm.com

Counsel for Plaintiff Joyin Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOYIN INC., <br> *Plaintiff*, <br> v. <br><br> HUBBELL WHOLESALE LLC, VEME LLC, and PLATE-X, <br><br> *Defendants*. | No. [  ] <br><br><br> ORIGINAL COMPLAINT |

DATED: September 9, 2024

*/s/ Nicholas Najera*
Nicholas Najera
Counsel for Plaintiff Joyin Inc.

ORIGINAL COMPLAINT
- 1 -

## ORIGINAL COMPLAINT

Plaintiff Joyin Inc., ("Plaintiff" or "Joyin") hereby brings this action for copyright infringement against Defendants Hubbell Wholesale LLC ("Hubbell"), VEME LLC ("VEME"), and Plate-X ("Plate-X") (collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1.    Plaintiff files this action to combat online infringers who reproduce and distribute copies of Plaintiff's copyrighted works to the public by sale and/or prepare derivate works based upon Plaintiff's copyrighted work.

2.    The copyrighted work at issue is United States Copyright No. VAu 1-408-810 ("Copyright"), which is a group of two-dimensional artworks. The Copyright is valid, subsisting, and in full force and effect. A true and correct copy of the Certificate of Registration of the Copyright is attached hereto as Exhibit 1.

### PARTIES

3.    Plaintiff Joyin, Inc is an Arizona corporation with a principal place of business at 7650 South McClintock Drive, Suite 103-219, Tempe, Arizona, 85284. Joyin is the registered claimant and owner of the Copyright.

4.    Upon information and belief, Defendant Hubbell is a domestic limited liability company organized and existing under the laws of the State of Wyoming. Defendant has a principal place of business at 30 North Gould Street, Suite R, Sheridan, Wyoming 82801. Upon information and belief, Hubbell is the owner and/or operator of the Amazon e-commerce storefront doing business as Hubbell Wholesale.

5.      Upon information and belief, Defendant VEME is a domestic limited liability company organized and existing under the laws of the State of California. Defendant has a principal place of business at 3704 South Santa Fe Village Drive, Apartment B, Santa Ana, California 92704. Upon information and belief, VEME is the owner and/or operator of the Amazon e-commerce storefront doing business as VEME SHOP.

6.      Upon information and belief, Defendant Plate-X is an unincorporated business entity located at 500 West 43rd Street, Apartment 35B, New York, New York 10036.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331 as this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*

8.      This Court may properly exercise specific personal jurisdiction over Defendants because Defendants have infringed upon Plaintiff's rights here by reproducing and distributing copies and/or derivative works of Plaintiff's copyrighted works into Arizona by sale. Defendants purposefully directed infringing activities at residents of Arizona, and Plaintiff's claims relate to those activities. Further, Defendants' infringing activities have caused harm to Plaintiff in Arizona.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1400 because Defendants may be found here.

10.     Defendants may be properly joined in this action because Plaintiff's claims against Defendants arise out of the arise out of the same transaction, occurrence, or series of transactions or occurrences as Defendants all reproduce and distribute copies and/or derivative works of Plaintiff's copyrighted works by sale on Amazon under ASIN B0CRK435D9.

## BACKGROUND

### Joyin

11.     Since 2015, Joyin has developed into one of the fastest-growing designers and manufacturers of toys, party supplies, and seasonal products.  Joyin's products are recognized for offering consumers great value without compromising quality. In 2017, the company hit a milestone of over one million units sold.

12.     Joyin also releases products under its Joiedomi brand, a home products line, Sloosh, a summer play line, and Spooktacular Creations, a wildly-successful Halloween line.

13.     Joyin is the claimant and owner of numerous registered copyrights connected with their products, including the Copyright at issue.

14.     The Copyright is a group of nine two-dimensional artworks, including the work titled 40130 Dino bubble machine ("Dino Work"). A copy of the Dino Work as deposited with the Copyright Office is shown below:

ORIGINAL COMPLAINT

- 4 -



15.     The Copyright was a work made for hire and completed in 2020.

16.     The Copyright weas registered on September 3, 2020.

17.     Joyin is the author, claimant, and rights holder of the Copyright.

**Defendants**

18.     Defendants are doing business as Amazon e-commerce storefront known as Hubbell Wholesale (Seller ID: A1JHZH03RDPWYH), VEME SHOP (Seller ID: A21K8B60UXGD4Z), and Plate-X (Seller ID: A2R8CGO1NRULZU).

19.     Defendants post images of a dinosaur bubble machine and sell dinosaur bubble machines on Amazon identified by ASIN B0CRK435D9 ("Infringing Materials").



20. The Infringing Materials violate Joyin's exclusive rights in the Copyright, including the right of reproduction, right of distribution, and the right to prepare derivative works.

21. Defendants have unlawfully reproduced, distributed, and prepared derivate works based on the Copyright without Joyin's authorization or consent.

22. Defendants have improperly copied and exploited the Copyright willfully, and in disregard of, and with indifference to, Joyin's intellectual property rights. Defendants engaged in this intentional and infringing conduct to reap the creative, artistic, and aesthetic benefit and value associated with the Copyright. By failing to obtain Joyin's authorization to reproduce and distribute the Copyright or to compensate Joyin for the use, Defendants have avoided paying license fees and other financial costs associated with obtaining permission to exploit the Copyright, as well as the restrictions that Joyin is entitled to and would place on any such exploitation as conditions for Joyin's permission, including the right to deny permission altogether. In addition, Joyin's business reputation

and goodwill have been significantly injured. Joyin has seen significant declines in the sales of its actual products, which corresponds with the increased proliferation of cheap knock-offs that have flooded the market. Further, consumers have often been misled into believing that they were buying Joyin authorized products only to discover that, in fact, they were receiving inferior imitations.

<strong>Amazon Infringement Notice</strong>

23.     On or around April 27, 2024, Joyin submitted an infringement notice to Amazon requesting Amazon to remove the Infringing Materials.

24.     Upon information and belief, Amazon notified Defendant of the infringing activity.

<strong>CLAIM ONE - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)</strong>

25.     Joyin hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26.     Joyin owns all exclusive rights in the Copyright as provided by 17 U.S.C. §§ 106 through 122, including without limitation the rights to reproduce the Copyrights in copies, to prepare derivative works based upon the Copyrights, and to distribute copies of the Copyrights to the public by sale or other transfer of ownership, or by rental, lease, or lending.

27.     Defendants have violated these exclusive rights by reproducing and distributing copies of the Copyright to the public by sale and/or preparing derivate works based upon the Copyright. For example, Defendants are reproducing, selling, offering to

sell, marketing, distributing, and advertising copies and/or derivate works of the Copyright via the Infringing Materials without Joyin's permission.

28.     Defendants' exploitation of the Copyright constitutes infringement of the Copyright.

29.     Defendants' infringing acts were and are willful, deliberate, and committed with prior notice and knowledge of the Copyright. Defendants willfully, wantonly, and in conscious disregard and with intentional indifference to the rights of Joyin made and distributed in the United States, including this judicial district, caused to be made and distributed in the United States, including this judicial district, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the Infringing Materials.

30.     As a direct and proximate result of their illegal conduct, Defendants have realized and continues to realize profits and other benefits rightfully belonging to Joyin. Accordingly, Plaintiff seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

31.     In the alternative, Joyin is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c)(1), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

32.     Moreover, Joyin is entitled to injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of the Infringing Materials and for an order under 17 U.S.C. § 503 that the Infringing Materials be impounded and destroyed.

33.     Joyin further seeks and is entitled to recover reasonable attorneys' fees and costs of bringing this suit pursuant to 17 U.S.C. § 505.

34.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the associated reputation and the goodwill of the Copyright.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Joyin respectfully demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Joyin prays for a judgment against Defendant as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily and/or permanently enjoined and restrained from:

a.     offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, derivative work, or colorable imitation of the Copyright;

b.     aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Copyright; and

c.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2)      Entry of an Order that, upon Joyin's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

      a.      disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale, distribution, or reproduction of the Infringing Materials; and

      b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale, distribution, or reproduction of Infringing Materials;

3)      That Joyin be awarded such actual damages as it shall prove at trial against Defendants that are adequate to compensate Joyin for infringement of the Copyright, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Copyright;

4)      In the alternative, that Joyin be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the Copyright pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

1

5)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

2

6)      Award any and all other relief that this Court deems just and proper.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: September 9, 2024                    Respectfully submitted,

*/s/ Nicholas Najera*
Timothy Wang (*pro hac vice* to be filed)
Texas Bar No.: 24067927
Nicholas Najera (*pro hac vice* to be filed)
Texas Bar No.: 24127049

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972.331.4603
972.314.0900 (facsimile)
twang@nilawfirm.com
nnajera@nilawfirm.com

*Counsel for Plaintiff Joyin Inc.*